UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE SUBPOENA OF D/SGT. JACQUELYN STASIAK | ***Sean MacMaster v. David Busacca, et al*** |
| | Civil Action No. 21-cv-11052 |
| | United States District Court for The Eastern District of Michigan |

| | |
|---|---|
| Melissa C. Freeman (P80075)<br>BLANCHARD LAW<br>Attorney for Plaintiff<br>309 S. Lafayette St., Ste. 208<br>Greenville, MI 48838<br>616.773.2945<br>melissa@blanchard.law | Alexander W. Root (P80220)<br>Assistant Attorney General<br>Attorney for Non-Party MSP<br>MI Dep't of Attorney General<br>State Operations Division<br>P.O. Box 30754<br>Lansing, MI  48909<br>517.335.7573<br>RootA@michigan.gov |

## NON-PARTY MOTION TO QUASH SUBPOENA

Jacquelyn Stasiak, Detective Sergeant, Michigan State Police ("MSP"), a non-party to this action, through counsel, moves this Court, pursuant Fed. R. Civ. P. 45., to quash the subpoena for deposition issued to D/Sgt. Stasiak by Plaintiff's counsel. For the reasons stated in the accompanying brief, the subpoena is improper as it attempts to circumvent and disclose, by deposition, privileged and confidential material protected by statute and potentially impair other criminal investigations.

Concurrence in the relief requested was sought.  The movant explained the nature of the motion and its legal basis, but concurrence was not obtained.  Local Civil Rule 7.1(d). (Email to counsel is attached as Exhibit A.)

Respectfully submitted,

/s/ Alexander W. Root
Assistant Attorney General
Attorney for Non-Party MSP
State Operations Division
525 W. Ottawa Street
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
RootA@michigan.gov
P80220

Dated: June 20, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2023, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

/s/ Alexander W. Root
Assistant Attorney General
Attorney for Non-Party MSP
State Operations Division
525 W. Ottawa Street
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
RootA@michigan.gov
P80220

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE SUBPOENA OF D/SGT. JACQUELYN STASIAK | ***Sean MacMaster v. David Busacca, et al***<br><br>Civil Action No. 21-cv-11052<br><br>United States District Court for The Eastern District Of Michigan |
| Melissa C. Freeman (P80075)<br>BLANCHARD LAW<br>Attorney for Plaintiff<br>309 S. Lafayette St., Ste. 208<br>Greenville, MI 48838<br>616.773.2945<br>melissa@blanchard.law | Alexander W. Root (P80220)<br>Assistant Attorney General<br>Attorney for Non-Party MSP<br>MI Dep't of Attorney General<br>State Operations Division<br>P.O. Box 30754<br>Lansing, MI 48909<br>517.335.7573<br>RootA@michigan.gov |

/

## **BRIEF IN SUPPORT OF NON-PARTY MOTION TO QUASH SUBPOENA**

                        Respectfully submitted,

                        */s/ Alexander W. Root*
                        Assistant Attorney General
                        Attorney for Non-Party MSP
                        State Operations Division
                        525 W. Ottawa Street
                        P.O. Box 30754
                        Lansing, MI 48909
                        (517) 335-7573
                        RootA@michigan.gov
                        P80220

Dated:    June 20, 2023

## TABLE OF CONTENTS

<u>Page</u>

Table of Contents ..................................................................................................... i

Concise Statement of Issues Presented ................................................................... ii

Controlling or Most Appropriate Authority ............................................................ ii

Statement of Facts ................................................................................................... 1

Argument ................................................................................................................. 2

Conclusion and Relief Requested ........................................................................... 8

Certificate of Service .............................................................................................. 9

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Under Fed. R. Civ. P. 45, court must quash or modify subpoenas that require the disclosure of privileged or other protected material. Plaintiff's subpoena seeks the testimony of D/Sgt. Jacquelyn Stasiak concerning her criminal investigation involving the Plaintiff in this matter. Should Plaintiff's subpoena be quashed as the information sought is protected under the Code of Criminal Procedure?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*: Fed. R. Civ. P. 45

Code of Criminal Procedure – Mich. Comp. Laws 767A.1-8

**STATEMENT OF FACTS**

On February 2, 2023, Plaintiff issued a document only subpoena to non-party MSP and D/Sgt. Stasiak seeking "audio recordings and/or transcripts of the investigative subpoenas conducted in Criminal Investigation 60-198-20." (Plaintiff's document subpoena is attached as Exhibit B.) Subsequently, on February 10, 2023, non-party MSP and D/Sgt. Stasiak responded with objections for which the subpoenaed documents were confidential pursuant to the Code of Criminal Procedure, Mich. Comp. Laws 767A.1-767A.9; and thus, not subject to disclosure. (Non-party objections is attached as Exhibit C.) Plaintiff did not reply to the objection.

Concerning this motion, on May 7, 2023, D/Sgt. Stasiak received a subpoena ordering her testimony at a May 16, 2023, deposition in the above referenced matter. (Subpoena to non-party D/Sgt. Stasiak is attached as Exhibit D.) Upon information and belief, the scope of the deposition is regarding D/Sgt. Stasiak's investigation of the Plaintiff's criminal matter. (Exhibit A). Upon further information and belief, D/Sgt. Stasiak's investigation included the use and execution of 21 separate investigative subpoenas.

D/Sgt. Stasiak subsequently moved to quash the subpoena in the Eastern District of Michigan, the court for which the subpoena was issued. ECF No. 85. Plaintiff responded and D/Sgt. replied. ECF No. 87; ECF No. 88. The court ruled that the "motion to quash is not properly before the Court under Rule 45(d)(3)(A) because the non-party subpoena was addressed at 2290 Four Mile Road, Walker,

1

Michigan. See 28 U.S.C. § 102(b)(1); ECF 89, PageID.1527. Thus, this motion follows.

## ARGUMENT

### I. "Good cause" exists for this Court to quash this subpoena.

As a threshold matter, Rule 45 allows parties to command the testifying of non-parties at a certain time and place. Fed. R. Civ. P 45(a)(1)(A)(iii). However, the court, *upon timely motion*, must quash or modify the subpoena if it subjects the person to undue burden. [Emphasis Added] Fed. R. Civ. P 45(c)(3)(A)(iv). A motion made prior to the return date of the subpoena is considered timely. *FTC v. Trudeau*, 2012 WL 5463829, at *3 (N.D. Ohio Nov. 8, 2021). "However, in unusual circumstances and for good cause shown, failure to make a timely objection to a subpoena ... will not bar consideration of the objection. *Trudeau*, 2012 WL 5463829, at *3 (quoting *Halawani v. Wolfenbarger*, 2008 WL 5188813, at *4 (E.D. Mich. Dec. 10.2008)).

Evaluating the existence of "unusual circumstances" or "good cause," courts consider whether – "(1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for [affected person] and counsel for subpoenaing party were in contact concerning the [affected person's] compliance prior to the time the [affected person] challenged legal basis for the subpoena." *Id.* (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y 1996)). Thus, failure of the above, the objections are waived. *Wolfenbarger*, 2008 WL 5188813, at *5.

2

Here, D/Sgt. Stasiak meets the above requirements. First, and as further set forth below, this subpoena seeks the disclosure of privileged material. Second, D/Sgt. Stasiak is a non-party to the litigation that attempted to resolve this issue in the presiding court of the case and is solely interested in protecting the confidentiality of the privileged material and the relevant statute. And, lastly, counsel for D/Sgt. Stasiak and counsel for issuing Plaintiff discussed the issues before the time of compliance where, subsequently, concurrence was not obtained. (Email to counsel is attached as Exhibit A.)

Thus, D/Sgt. Stasiak has met the above qualifying factors for "good cause" and has not waived any potential objections afforded under Rule 45.

## II. This Court should quash the subpoena pursuant to MCL 767A.8.

Fed. R. Civ. P. 45(d)(3) governs the quashing of a subpoena. It provides in relevant part:

> When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
> * * *
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies;

Michigan law authorizes the issuance of investigative subpoenas, but the proceedings are confidential. Mich. Comp. Laws 767A.1-767A.9.

Specifically, Mich. Comp. Laws 767A.8 states:

> Petitions for immunity, orders of immunity, transcripts of testimony delivered to witnesses pursuant to grants of immunity, and records, documents, and physical evidence obtained by the prosecuting attorney pursuant to an investigation under this chapter *are confidential and*

3

*shall not be available for public inspection or copying* or divulged to any person except as otherwise provided in this chapter. (Emphasis added.)

First, any production of records pursuant to this subpoena is clearly prohibited by statute. See, e.g., *Moody v. Michigan Gaming Control Bd.*, 2013 WL 3013862, at *4-5 (ED Mich June 18, 2013) ("[this court] finds that it is privileged under state law and Plaintiffs are not entitled to the transcript") (citing *Truel v. Dearborn*, 291 Mich. App. 125, 132-35 (2010).)

Second, testifying about information contained within documents, or learned from testimony provided pursuant to an investigative subpoena would render the statute and the use of prosecutorial investigative subpoenas superfluous in that D/Sgt. Stasiak would naturally be testifying about the contents of the records that are both not subject to subpoena nor discoverable in civil proceedings. See *Moody*, 2013 WL 3013862, at *5 ("while the Court finds [the non-party's] testimony is relevant, the Court will not permit any questioning concerning [the non-party's] investigative work related to the criminal investigation.")[1] Disclosure would be at odds with the purposes of the statute, as it would suggest that someone could use a subpoena to get around the confidentiality provisions of the statue. Thus, logically, if the contents of the documents are confidential and not subject to public

---

[1] In *Moody*, Plaintiff subpoenaed non-party Michigan State Police Detective Sergeant Thomas DeClercq, who was the lead criminal investigator concerning horse race fixing. While DeClercq argued the relevancy of his testimony, the Court nonetheless barred any questioning concerning DeClercq's investigative work related to the criminal investigation. *Id*. at 6.

4

disclosure, a party can't simply subpoena someone with personal knowledge of the documents and ask them what the documents said.

Likewise, it makes little sense why the legislature would allow documents pursuant to an investigative subpoena be confidential but allow the contents within the documents be *divulged*. It cannot be logically argued that information pursuant to a subpoena be confidential; yet, however, such information may be *divulged* at a deposition. Such an inference defeats the purpose of the statute and eliminates the need for confidentiality protections.

Third, the statute is not solely limited in prohibiting only a certain select records. Here, as *Truel* explains "[t]he delineated items in § 8 were clearly not intended to be an all-encompassing expression of the elements of an investigation that are considered confidential. For example, the petition for an investigative subpoena itself is confidential." *Id*. at 134. Thus, it is invalid to expect the items outlined in § 8 to be an exhaustive list of such confidentiality.

Thus, Mich. Comp. Laws 767A.8 applies, and the subpoena should be quashed pursuant to its confidentiality protections.

### III. The holding in *Moody* is analogous and provides persuasive direction for this Court.

Lastly, this Court should consider the matter *Moody v. MGCB* as analogous to this motion and consider the persuasive direction it provides with the application of the Prosecutor's Investigative Subpoena Act.

*Moody*, much the matter concerning this motion, involved a 42 U.S.C. § 1983 case where the plaintiff was investigated by a representative of non-party MSP.

Specifically, in *Moody*, the plaintiff was investigated by both the MGCB and non-party Thomas DeClercq (MSP), separately, for horse race fixing. *Moody v. Michigan Gaming Control Bd.*, 2013 WL 3013862 (ED Mich June 18, 2013). Plaintiff sought protected records from defendant MGCB and sought the testimony, for which included protected information, from non-party DeClercq. The court came to the following relevant conclusions:

First, the court ruled the Act was applicable in federal courts, as "under the doctrine of comity and the Tenth Amendment, federal courts have recognized that state criminal matters are afforded deference and protection from the type of interference sought by Plaintiffs' subpoena." *Id*. at 4.

Second, pertaining to defendant MGCB, the court ruled information sought by plaintiff was protected by the Act. "While the Court concludes that the information sought by Plaintiffs is relevant, it further finds that it is privileged under state law and Plaintiffs are not entitled to the transcript of Moody's statement or of the hearing." *Id*. at 5 (citing *Truel*, 291 Mich.App. at 132-135.).

Lastly, pertaining to non-party DeClercq, the court did not permit any questioning regarding DeClercq's investigative work into the race fixing scheme. Here, the only information the court ruled as relevant for testimony were facts outside of the investigative work. This work included interview transcripts of plaintiffs previously produced and previous statements made to plaintiffs advising of their arrest. *Id*.

6

7

Thus, based upon the facts above, *Moody* is relevant; and thus, provides this court with persuasive authority in quashing the subpoena issued to non-party D/Sgt. Stasiak.

## CONCLUSION AND RELIEF REQUESTED

Accordingly, as the testimony sought is confidential information protected by statute, this Court should grant D/Sgt. Stasiak's Motion, under the authority granted to it in Fed. R. Civ. P. 45(d)(3) (A)(iii), and quash the subpoena issued by the Plaintiff and grant any other appropriate remedy.

Respectfully submitted,

/s/ *Alexander W. Root*
Assistant Attorney General
Attorney for Non-Party MSP
State Operations Division
525 W. Ottawa Street
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
RootA@michigan.gov
P80220

Dated:  June 20, 2023

8

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2023, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

/s/ *Alexander W. Root*
Assistant Attorney General
Attorney for Non-Party MSP
State Operations Division
525 W. Ottawa Street
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
RootA@michigan.gov
P80220

2023-0376052-A

9